FLORENCE VAN VALKENBURGH et al., Administrators, etc., Respondents, *v.* AMERICAN POPULAR LIFE INSURANCE COMPANY, Appellant.

A question in an application for a policy of life insurance as to whether the applicant uses any intoxicating liquors directs the mind, and will be construed to refer to customary and habitual use; not to a single or incidental one.

Where a policy of life insurance contains a condition forfeiting it in case the insured dies of a disease induced or aggravated by intemperance, it is a condition subsequent, and in an action upon the policy, plaintiff is not required to prove that the policy was not thus forfeited; but, if a forfeiture is claimed, the burden is upon defendant to show a breach of the condition.

(Argued June 1, 1877; decided June 19, 1877.)

THIS was an action upon a policy of life insurance. (Mem. of decision below, 9 Hun, 583.)

The policy and application were in the same form as that in *Fitch* v. *American Popular Life Insurance Company* (59 N. Y., 557), wherein it was held that there was no warranty on the part of the insured, save that the statements were made in good faith; and that fraud must be shown to sustain a defense.

The defense originally was breach of warranty; but, on the trial, the answer was allowed to be amended so as to set up fraud. It was claimed by appellant that the opinion of the General Term indicated that it had overlooked the amendment, and had not passed upon the question of evidence as to fraud, and so had neglected to review the judgment upon the facts. *Held*, that, as the trial was by a jury, the General Term had no authority, on appeal from the judgment, to review the facts (Code, § 348); but if it was simply intended by the point raised to claim that the General Term should have considered the testimony as to fraud, to see whether a motion made for a nonsuit should have been granted, that, although the General Term had overlooked the amendment, and although it might have made a difference in its view of the correctness of the decision of the motion for a nonsuit, yet that this court would not reverse for that reason alone, as the question was before it on the appeal, and it could render the judgment which the court below should have given.

The issue of fraud was based upon questions and answers in regard to the habits of the insured in the use of intoxicating drinks. The principal question was, did the insured " use any intoxicating liquors or substances?" *Held*, that this did not direct the mind to a single or incidental use, but to a customary or habitual use; and the court further held that it was a question not so indisputably and clearly settled by the testimony, as a whole, that the insured had been addicted to such use that he could be plainly charged with a fraudulent intent in answering " No," and that the question was therefore properly submitted to the jury.

By the terms of the policy, if the insured died of a disease induced or aggravated by intemperance, it was avoided. The court ruled upon the trial that the burden of proof was upon defendant to show a forfeiture of the policy under this condition. *Held*, no error; that it was not for the plaintiff to establish the negative, but for the defendant to establish a breach, the same as a breach of any other condition subsequent; that if it be conceded that the condition is a warranty,

it is a promissory warranty, which is not a condition precedent. (*N. F. Life Insurance Company* v. *Graham*, 2 Duvall, 506.)

*George Bliss*, for appellant.

*Amasa J. Parker*, for respondent.

FOLGER, J., reads for affirmance.
All concur.
Judgment affirmed.