that reason should have been granted. There having been an exception to that denial, the defendant is entitled to a reversal.

Judgment and order reversed, and a new trial granted, with costs to the appellant to abide the event.

---

(92 App. Div. 135.)

### MOORE v. PRUDENTIAL INS. CO. OF AMERICA.

(Supreme Court, Appellate Division, Third Department. March 15, 1904.)

1. LIFE INSURANCE—USE OF LIQUOR—QUESTION OF FACT.

   Whether insured in a life policy used liquor "to excess" within the meaning of the application is a question of fact.

2. SAME—EVIDENCE.

   Where, in an action on a life policy, all the witnesses had seen deceased intoxicated, and it was shown that on four occasions prior to making application for the policy he had been arrested for and pleaded guilty to public intoxication, and had been unable to work because of intoxication, a finding that a representation in the application that he did not use liquor to excess was true was against the weight of the evidence.

Appeal from Trial Term, Saratoga County.

Action by Charles Moore, as administrator of Daniel Wesley Moore, against the Prudential Insurance Company of America. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

John Foley, for appellant.

Edgar T. Brackett, for respondent.

HOUGHTON, J. The plaintiff's intestate at the time of his death held two policies of life insurance issued by the defendant. The policies were for small amounts. Application for the first was made on the 30th of November, 1901, and application for the second on the 20th of November, 1902. In each application the insured was asked the following question: "Have you ever used liquor to excess?" to which he answered, "No." The sole defense is that these answers were false. To establish its contention the defendant proved that within several years preceding the applications for the policies the insured had been intoxicated at various times. The insured died in April, 1903. The court left it to the jury to say whether the proofs showed that the insured habitually used intoxicating liquor to excess, and by their verdict they have found in the negative. The defendant insists that, as matter of law, the uncontradicted instances of intoxication avoided the policies. Whether this is so or not depends upon the interpretation which should be put upon the language of the question. Manifestly, the question does not mean a single or incidental use of intoxicating liquors. The inquiry is not "did the insured ever use intoxicating liquors?" but "to what extent did he use them?" The expression "to excess" is equivalent to "excessively"

¶ 1. See Insurance, vol. 28, Cent. Dig. §§ 1738, 1801, 2009.

or "intemperately." The object of the inquiry also throws light on the meaning of the language. It was not of such importance to the defendant, in determining whether it would accept the risk, to learn whether the applicant had ever tasted intoxicating liquors, or allowed himself to become intoxicated on one or more occasions, as it was to ascertain whether or not the insured was of temperate habit and did not habitually indulge in the use of intoxicants. Interpreting the question in this manner—as we think we must—it became a question of fact, rather than one of law, as to whether the insured had, prior to his applications, habitually used intoxicating liquors to excess, or excessively, or intemperately. Van Valkenburgh v. American Popular Life Insurance Company, 70 N. Y. 605; McGinley v. United States Life Insurance Co., 77 N. Y. 496; Meacham v. New York State Mutual Benefit Association, 120 N. Y. 237, 24 N. E. 283; Northwestern Life Insurance Co. v. Muskegon Bank, 122 U. S. 501, 506, 7 Sup. Ct. 1221, 30 L. Ed. 1100; Mowry v. Home Life Insurance Company, 9 R. I. 354.

But the motion for a new trial should have been granted on the ground that the verdict was against the weight of evidence as to such intemperate and habitual excesses. All of the witnesses sworn on both sides, except the defendant's solicitors, had seen the insured intoxicated on one or more occasions. On four occasions prior to the last application he had been arrested for public intoxication, and placed in the lockup over night, or for several hours; and three times, at least, pleaded guilty on being arraigned before the police magistrate. At another time he was unable to complete work which he had solicited because of his intoxicated condition, and, on promise of reform, was re-engaged. With no further explanation of this state of facts than appeared, the finding of the jury was not justified, and the motion should have been granted.

Judgment and order reversed, and new trial granted, with costs to the appellant to abide the event. All concur; CHASE, J., in result.