to recover upon a policy of life insurance issued by defendant upon the life of plaintiff's husband and mailed to its branch office. At the time of the application plaintiff had paid defendant's agent five dollars on account of the first semi-annual premium and it was alleged the agent stated that the policy would be in force upon the applicant's successfully passing the medical examination, which he did. The insured was killed the same morning but after the policy was received at the branch office. Defendant contended that owing to non-delivery and non-payment in full of the premium the policy was not in force.

*Louis L. Thrasher* for appellant.

*Joseph F. Rice* and *Arthur E. Laudenslager* for respondent.

Judgments reversed and complaint dismissed, with costs in all courts, on authority of *Drilling* v. *N. Y. Life Ins. Co.* (234 N. Y. 234).

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

BRIDGET O'CONNELL, as Administratrix of the Estate of PATRICK O'CONNELL, Deceased, Respondent, *v.* NEW JERSEY FIDELITY AND PLATE GLASS INSURANCE COMPANY, Appellant.

*Insurance (liability) — action against insurance company to recover amount of judgment recovered against insured in action for negligence — defense that automobile was being operated by child under age of sixteen years.*

*O'Connell* v. *New Jersey Fidelity & Plate Glass Ins. Co.*, 201 App. Div. 117, affirmed.

(Argued March 8, 1923; decided March 23, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered June 19, 1922, affirming a judgment in favor of plaintiff entered upon a verdict. The plaintiff recovered a judgment against Harry P. Froud for negligently causing the death of her husband, Patrick O'Connell, and brought this action under section 10 of chapter 63 of the Laws of 1920, to charge the defendant on its

liability policy issued to Harry P. Froud. The defense was that by its express terms the policy did not cover any accident caused by this automobile while driven by a person under the age of sixteen years. It contained the following provision: " This policy does not cover loss on account of injuries or death suffered by any person or persons caused by any automobile (a) while driven by or in charge of any person in violation of law as to age, or in any event under the age of sixteen years." The assured's automobile was being driven by his granddaughter, a fourteen-year-old girl. In crossing a bridge where repair work was going on, she attempted to turn out around the repair work and in so doing headed the automobile for the bridge railing. The assured, who was sitting next to her, acting in this sudden emergency, seized the wheel and turned the car sharply to avert plunging over the side of the bridge and in so doing swung the car against the deceased who was working on the bridge, throwing him therefrom.

*Theodore H. Lord* and *Phineas L. Webber* for appellant.
*Daniel V. McNamee* and *J. Edward Murphy* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

THE CITY OF NEW YORK, Appellant, *v.* THE CITIZENS WATER SUPPLY COMPANY OF NEWTOWN, Respondent.

*New York city — action by city to enjoin water company from increasing water rates in second ward, borough of Queens.*

*City of New York v. Citizens Water Supply Co. of Newtown,* 199 App. Div. 169, affirmed.

(Argued March 8, 1923; decided March 23, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered December 27, 1921, affirming a judgment in favor of defendant entered upon an order of Special Term granting defendant's motion for judgment on the plead-