George Carles, Respondent, *v.* Travelers Insurance Company, Appellant.

First Department, March 24, 1933.

*Louis P. Galli* of counsel [*William J. Moran* with him on the brief; *William J. Moran*, attorney], for the appellant.

*B. H. Arnold* of counsel [*Harry Simon* and *J. M. Cohen* with him on the brief; *Harry Simon*, attorney], for the respondent.

O'Malley, J. In the appeals from the judgment in favor of the plaintiff and from the order denying defendant's motion for judgment on the pleadings, there is presented a single question. In this action on an insurance policy brought under the provisions of section 109 of the Insurance Law, is the burden upon plaintiff to prove that the operator of an elevator was of legal age, or is it incumbent upon the defendant carrier to disprove such fact?

The complaint sets forth facts showing that plaintiff prior to the commencement of the action had obtained a judgment for personal injuries sustained through the alleged negligent operation of a passenger elevator. The judgment was against the corporate owner of premises which owned and controlled the elevator. Execution issued on such judgment has been returned wholly unsatisfied by reason of insolvency.

The complaint shows that at the time of the accident there was in full force and effect a policy of insurance issued by the defendant to the owner of the premises, whereby the defendant herein agreed to indemnify the insured against loss for liability imposed by law for bodily injuries sustained by reason of the ownership, care,

operation or use of the elevator in question for a sum not exceeding $5,000, together with all costs taxed and interest accruing after entry of judgment.

The policy of insurance was attached to and made part of the complaint. The main body of such policy contained the following provision: " V. This agreement shall apply to such injuries sustained by any person or persons except those employed by the Assured or to whom the Assured may be held liable under any Workmen's Compensation Law, scheme or plan. This agreement shall not apply to any such injuries caused by any elevator while in charge of any person under the age fixed by law for elevator attendants, or, if there is no legal age limit, under the age of fifteen years."

The complaint did not allege that the injuries were caused by the elevator while in charge of a person over the age fixed by law. The answer pleaded by way of defense that at the time of plaintiff's injury, the elevator in question was in charge of a person under the age prescribed by law.

Upon the trial an issue arose as to who actually was operating the elevator at the time of the accident. The defendant maintained that such operation was in the charge of a white boy named Gates, who was called as a witness and who, it was shown, was at the time of the accident under the age of sixteen years, the age prescribed by law. The plaintiff maintained that the elevator at the time in question was in charge of one of two colored men, neither of whom was called as a witness. Nor does the record show the age of either.

At the close of the plaintiff's case the defendant moved to dismiss on the ground that plaintiff had failed to make out a cause of action. The motion was distinctly predicated upon the absence of proof on plaintiff's part that the elevator was being operated by a person of legal age. This motion was denied, as it was again at the close of the entire case, when renewed.

The sole issue submitted to the jury was whether Gates or one of the colored men was operating the elevator at the time of the accident. It stands conceded, of course, that plaintiff has no greater rights against this defendant carrier than had the insured, the judgment debtor in the action for negligence. (*Coleman* v. *New Amsterdam Casualty Co.*, 247 N. Y. 271, 275.)

We are of opinion that under the policy as here found the burden was upon this plaintiff both of pleading and of proving that the elevator at the time of the accident was being operated by a person of legal age. As was stated in an analogous situation (*Lavine* v. *Indemnity Ins. Co.*, 260 N. Y. 399, 410): " The burden of proof rested upon the plaintiff to establish that the policy covered.

That burden was not shifted to the defendant, because of an affirmative allegation in the answer to the effect that the policy did not insure against the accident in question. The denials in the answer raised an issue as to whether the accident came within the indemnity coverage provided in the policy. That was the issue, and not whether liability did not exist under the policy because the accident fell under some provision of the policy relieving the defendant from liability."

Here, the provision above quoted, found in the main body of the policy distinctly related to coverage. It was not one of the conditions listed in the policy exculpating the defendant from liability. It distinctly provided that the agreement did not apply to injuries caused by any elevator while in charge of any person under the age fixed by law. To show that the policy did cover the situation, it was incumbent, in our opinion, upon the plaintiff to allege and prove that the injuries were caused by an elevator in charge of a person over the age fixed by law.

The judgment and order appealed from, therefore, must be reversed and a new trial granted with costs to the appellant to abide the event, but with leave to the plaintiff to plead anew in conformity with this opinion. The case, after joinder of issue, if such there be, may be restored to the trial calendar in the usual manner following the reversal of a judgment and the granting of a new trial.

FINCH, P. J., MERRELL, SHERMAN and TOWNLEY, JJ., concur.

Judgment and order reversed and a new trial granted with costs to the appellant to abide the event, but with leave to plaintiff to plead anew in conformity with opinion. Settle order on notice.