FRED L. SEUFERT, Appellant, *v.* THE COMMERCIAL TRAVELERS MUTUAL ACCIDENT ASSOCIATION OF AMERICA, Respondent.

(Argued January 18, 1934; decided February 27, 1934.)

*Winfred C. Allen* for appellant. It was not incumbent upon the plaintiff to disprove, as a part of his *prima facie* cause of action, that the defendant failed to give due notice of the assessment. (*Demings* v. *Supreme Lodge, Knights of Pythias,* 20 App. Div. 622; *Meagher* v. *Supreme Lodge,* 20 App. Div. 622; 161 N. Y. 662; *Bianco* v. *Lentino,* 177 N. Y. Supp. 244; *Victoria* v. *Mutual Protective Assn.,* 162 N. Y. Supp. 652; *Meagher*

v. *Life Union*, 20 N. Y. Supp. 247; *Ellis* v. *National Provident Union*, 50 App. Div. 255; *Van Valkenburgh* v. *American Popular Ins. Co.*, 70 N. Y. 605; *Murray* v. *New York Life Ins. Co.*, 85 N. Y. 236.) In order to defeat the plaintiff's cause of action it was incumbent upon the defendant to establish that it gave to the plaintiff due notice of the assessment and upon that issue it had the burden of proof. (*Fischer* v. *Metropolitan Life Ins. Co.*, 167 N. Y. 178; *Baxter* v. *Brooklyn Life Ins. Co.*, 119 N. Y. 450; *Liesny* v. *Metropolitan Ins. Co.*, 147 App. Div. 253; *Victoria* v. *Mutual Protective Assn.*, 162 N. Y. Supp. 652; *Auspitz* v. *Equitable Life Assur. Society*, 115 N. Y. Supp. 109; *Ellis* v. *National Provident Union*, 50 App. Div. 255; *Demings* v. *Supreme Lodge, Knights of Pythias*, 20 App. Div. 622; *Wajczeliunas* v. *St. Peter's Lithuanian Society*, 141 App. Div. 852; *Meyer* v. *Knickerbocker Life Ins. Co.*, 73 N. Y. 516; *Attorney-General* v. *Continental Life Ins. Co.*, 33 Hun, 138; *Wachtell* v. *Noah Widows & Orphans Benevolent Society*, 84 N. Y. 28; *Meeder* v. *Provident Sav. Life Assur. Society*, 58 App. Div. 80; *Railway Mail Assn.* v. *Moore*, 15 Fed. Rep. [2d] 547; *Murray* v. *New York Life Ins. Co.*, 85 N. Y. 236.)

*Charles J. Nehrbas* and *Henry C. Moses* for respondent. The effect of the rulings of the trial court was to require defendant to prove that the plaintiff had received notice of the assessment. (*Wolarsky* v. *New York Life Ins. Co.*, 120 App. Div. 99; *Hurley* v. *Olcott*, 198 N. Y. 132.) The court erred in charging the jury that the burden of proof was on the defendant. (*Farmers L. & T. Co.* v. *Siefke*, 144 N. Y. 354; *Murray* v. *Narwood*, 192 N. Y. 172; *Lobdell* v. *Village of Northville*, 151 App. Div. 384; *Griffith* v. *American Bridge Co.*, 157 App. Div. 264; *Lynch* v. *Figge*, 200 App. Div. 92.)

HUBBS, J. Appellant was the holder of a membership certificate in the respondent membership corporation, which insured him against accidental injury. On June

22, 1931, he suffered an injury covered by the certificate of membership. He filed a claim as provided in the certificate. The respondent refused to pay the claim upon the ground that he had ceased to be a member prior to the date of his injury. The certificate provides for the levying of assessments against members for the purpose of paying losses and expenses. It provides that the mailing of a notice of assessment shall constitute notice thereof, and that upon failure to pay an assessment within forty-five days from the date of the notice, the membership shall terminate and the certificate be canceled without further notice.

In this action to recover upon the certificate, the complaint is in the usual form. The respondent, as a defense, alleged that an assessment was duly levied and was payable upon or before June 18, 1931, four days before the accident; that the assessment was not paid prior to the accident and that the certificate was terminated and canceled before appellant's injury was received.

Appellant established a *prima facie* case by introducing the certificate in evidence and with testimony showing the accident, the furnishing of notice and the failure to pay. The respondent concedes that appellant established a *prima facie* case. Respondent's evidence tends to establish that a notice of assessment was duly mailed to appellant and that by failure to pay it, the certificate by its terms terminated on June 18th, before the accident. Appellant introduced evidence that the notice was never received. The only issue litigated was whether the notice was mailed.

The learned trial court charged the jury in effect that the defense upon that issue was an affirmative one and that the burden of proof on that defense rested upon the defendant and if the evidence which it believes was evenly balanced, the plaintiff was entitled to recover. Whether that charge constitutes reversible error is the only question for our determination.

Proof of payment of an assessment was not a part of the plaintiff's case. Payment was not due until after notice of assessment. Non-payment becomes a defense only after forty-five days from the date of mailing of the notice of assessment. The certificate was valid and in force until duly terminated according to its terms. It could not be terminated until a notice of assessment had been properly mailed and forty-five days had elapsed without payment of the assessment.

The defense was an affirmative one which arose after the certificate was issued and constituted no part of the plaintiff's complaint. (*Fischer* v. *Metropolitan Life Ins. Co.*, 167 N. Y. 178.) " The general rule of pleading, which also accords with reason, is that defenses which assume or admit the original cause of action alleged, but are based upon subsequent facts or transactions which go to qualify or defeat it, must be pleaded and proved by the defendant." (*Whitlatch* v. *Fidelity & Casualty Co.*, 149 N. Y. 45, 50.)

In actions against mutual benefit associations on certificates where the defense of failure to pay an assessment is pleaded, the burden of proof is on the defendant to establish such defense by a fair preponderance of the evidence. (*Fischer* v. *Metropolitan Life Ins. Co.*, *supra;* *Railway Mail Assn.* v. *Moore*, 15 Fed. Rep. [2d] 547, 550; *Murray* v. *N. Y. Life Ins. Co.*, 85 N. Y. 236; *Mutual Reserve Fund Life Assn.* v. *Hamlin*, 139 U. S. 297; *Shea* v. *Massachusetts Benefit Assn.*, 160 Mass. 289; *Elmer* v. *Mutual Benefit Life Assn.*, 47 N. Y. St. Repr. 35; affd., 138 N. Y. 642.)

Our intermediate courts have uniformly so stated the rule. (*Ellis* v. *National Provident Union*, 50 App. Div. 255; *Demings* v. *Supreme Lodge Knights of Pythias*, 20 App. Div. 622; app. dismissed, 161 N. Y. 662; *Wajczeliunas* v. *St. Peter's Lithuanian Soc.*, 141 App. Div. 852; *Liesny* v. *Metropolitan Life Ins. Co.*, 147 App. Div. 253; app. dismissed, 209 N. Y. 611.)

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in the Appellate Division and in this court.

POUND, Ch. J., CRANE, LEHMAN, O'BRIEN and CROUCH, JJ., concur; KELLOGG, J., not voting.

Judgment accordingly.