## DENNIS v NORWICH FIRE INSURANCE SOCIETY, LTD

Ohio Appeals, 1st Dist, Hamilton Co

No 4711. Decided Feb 11, 1935

Sol Goodman, Cincinnati, for plaintiff in error.

Harmon, Colston, Goldsmith & Hoadly, Cincinnati, for defendant in error.

## OPINION

By MATTHEWS, J.

It is manifest that the policy only insured against damage by fire. It did not insure against damage to a radio from electricity. If fire ensued caused by electricity, damage resulting from the fire was within the risk insured against.

The evidence was conflicting as to the exact cause and extent of the damage to the radio. It is manifest that no visible fire arose outside the radio which spread to the radio. If a fire took place, it originated within the radio. There was electricity within it capable of causing fire and also capable of causing damage without the intervention of fire.

Undoubtedly there was damage caused by electricity or fire or both. Whether there was fire, is not certain, but there is evidence that there was. There is circumstantial evidence to the contrary. The trial judge must have found that there was some fire. The judgment for one cent could only be predicated upon such a finding. There is no finding in the record of how much damage resulted from fire and how much from electricity, and the evidence is conflicting on the subject. A judgment for nominal damages was justified on one theory of the facts. The burden was on the plaintiff to show the amount of damage resulting from fire.

In 5 Joyce on Insurance at page 6222, it is said:

"If, however, in case of an exemption of liability from explosion insurer proves that said explosion preceded the fire and is therefore within the exception, then if damages are sustained by insured by reason of a subsequent fire the burden of proof is upon him to show the extent thereof, but this does not change the rule as to the burden of proof resting upon the plaintiff to prove his case."

In German American Ins. Co. v Hyman, 42 Colo., 156 (16 L.R.A., (N.S.) 77) the court says at page 176:

"And upon this issue, viz: discriminating between the damages caused by the explosion and those caused by the fire, and showing the extent of loss resulting from the fire, the burden devolved upon plaintiff. That is to say, defendants having shown that the explosion occurred first in point of time, the burden shifts to the plaintiff and it becomes his duty to prove the extent of the damages suffered from the subsequent and resulting fire."

To the same effect are: Northwestern Nat. Ins. Co. v Mims, 226 SW (Tex.) 738; Rossini v St. Paul Fire Ins. Co., 182 Cal. 415; Western Assur. Co. v Mohlman Co., 83 Fed. 811, at 819.

The general rule on proof of damage is stated in 22 Ohio Juris., 909.

In this state of the record, we cannot say that a judgment for plaintiff for one cent resulted from error, prejudicial to him. A reversal would be justified only on an affirmative finding of prejudicial error.

The judgment is affirmed.

HAMILTON, PJ, and ROSS, J, concur.