JEFFERSON TERMINAL CORPORATION et al., Plaintiffs, *v.* HOME INSURANCE COMPANY, Defendant.

Supreme Court, Trial Term, New York County, July 1, 1942.

*Clifford L. Woody* for plaintiffs.

*Frederic C. Pitcher* for defendant.

ROSENMAN, J. There was no direct proof as to whether a hostile fire preceded the explosion. It is necessary for inferences to be drawn as to the cause of the explosion. In this respect I find the proof on both sides substantially equal as to what could or might have been the cause.

The question to be determined therefore is: Who has the burden of proof of showing the cause of the explosion, i. e., whether or not the explosion was preceded by a fire? This, in turn, depends upon whether the clause mentioning explosion was one which " distinctly related to coverage " or was merely " one of the conditions listed in the policy exculpating the defendant from liability." (*Carles* v. *Travelers Ins. Co.*, 238 App. Div. 43, 45; *Lavine* v. *Indemnity Ins. Co.*, 260 N. Y. 399, 410.)

I believe that the clause was one of coverage. The coverage was intended to be fire. The clause does not exempt fire caused by explosion; on the contrary, it expressly includes fire following an explosion, but limits the damage only to the fire itself. It does specifically say it will not cover explosion damage itself. On the other hand, if the fire comes first the explosion is covered as a proximate result of the fire. (*Wheeler* v. *Phenix Ins. Co.*, 203 N. Y. 283.) Since it is a question of coverage, the burden is on the plaintiff to show that the cause of the explosion and damage was fire. (*Donato* v. *Granite State Fire Ins. Co.*, 249 App. Div. 819.)

I disagree with the authorities cited in other jurisdictions holding that it is a question of exculpation and exception. (*Fire Asso. of Philadelphia* v. *Evansville Brew. Co.*, 73 Fla. 904; *Stephens* v. *Fire Assn. of Philadelphia*, 139 Mo. App. 369; *Rossini* v. *St. Paul Fire Ins. Co.*, 182 Cal. 415.)

Therefore, since the burden of proof has not been sustained, the defendant is entitled to judgment.

Findings of fact and conclusions of law passed upon. Settle decision and judgment by July 3, 1942.