Rose Risikoff, Plaintiff, *v.* Metropolitan Life Insurance Company, Defendant.

Supreme Court, Special Term, Kings County, October 21, 1946.

*Leon Wasserman* for plaintiff.

*Tanner, Sillcocks & Friend* for defendant.

Steinbrink, J. Plaintiff and defendant move for summary judgment in an action upon a policy of life insurance. The answer sets up as partial and complete defenses that the death of the insured was due to a hazard not assumed under the policy. The particular provision relied upon excepts from coverage the risk of death resulting from " an act of war, which act occurs while the Insured is in the military, naval or air forces of any country and is outside the continental limits of the United States of America (including Alaska), the Dominion of Canada, and Newfoundland, but only if death occurs within six months after such act." It appears that the insured was an infantry-man in the United States Army during World War II. He was

reported missing in action in France as of December 27, 1944. One year and a day later, the War Department made a finding that his death was presumed to have occurred on December 28, 1945. While this finding does not have the effect of establishing an actual or probable date of death, it is admissible " as evidence of the death of the person therein found to be dead, and the date, circumstances and place of his disappearance." (Civ. Prac. Act, § 341-a, as added by L. 1945, ch. 645.) Defendant having the burden of establishing the defenses which are pleaded (*Green* v. *Travelers Ins. Co.*, 286 N. Y. 358, 361; *Murray* v. *New York Life Ins. Co.*, 85 N. Y. 236), it is required to prove that the insured died overseas as the result of an act of war and within six months after such act. From the opposing affidavits and exhibits it is apparent there is at least a triable issue as to whether the insured met his death within such period of time as would preclude liability herein. Accordingly, the motions for summary judgment will be denied.