Aron Steuer, J,
The motion is for summary judgment in an action on an insurance policy. The policy covered merchandise while off the premises of the insured. It appears that certain goods of plaintiff disappeared while in the custody of a finisher. There is no question as to the disappearance, the value of the goods and conformance with the terms of the policy. Both sides concede that they have no information as to how the goods came to be missing and would be unable upon a trial to introduce any evidence on the subject.
The policy contains this clause:
“ 8. This policy does not cover against
“ (b) Fraud, conversion or infidelity of persons to whom the insured property may be entrusted, carriers for hire excepted.”
The issue on this motion is whether plaintiff must establish that the disappearance was not brought about by one of these causes or whether defendant must establish that it was. The party upon whom the burden falls must fail.
There is frequent loose language in many of the authorities quoted on this subject. It is clear that the plaintiff bears the burden on the whole case of establishing that its loss comes within the policy and also is not barred by any exception, But it need not in the first instance offer such proof. The insurer, *419 relying upon an exception, must offer proof to show that the loss comes within the exception. When this proof is rebutted the insured bears the burden on the issue. This is the ruling in Sagorsky v. Malyon (4 A D 2d 1016) relied on by counsel.
Applying that to the instant cáse, defendant concedes that it will not meet the burden of going forward and in fact consented to being precluded from offering the evidence that would make for compliance. Under the circumstances the plaintiff must prevail.
Motion for summary judgment granted and the Clerk is directed to enter judgment as demanded in the complaint.