J. Irwin Shapiro, J.
On the 18th day of June, 1960 damage allegedly in the sum of $10,908 was occasioned to elevator equipment located in the elevator control room of an apartment building owned by plaintiff. It is for the recovery of those damages that this suit, consisting of two causes of action, is brought.
*817 The complaint alleges for a first cause of action that defendants American Central Insurance Company, American Equitable Assurance Company of New York and Commercial Union Assurance Company, Limited, issued policies insuring plaintiffs “ against all direct loss by fire ” to the premises; that plaintiffs thereafter sustained such loss but that the insurance companies disclaimed liability by reason of which plaintiffs repaired the damage at their own expense. By way of relief plaintiffs demand judgment against defendants insurance companies for the cost of the repairs.
The insurance companies in their joint answer interpose as an affirmative defense that the damage was due entirely to an electrical disturbance and was not in any way caused by fire. Consequently they disclaim liability relying upon a clause contained in each policy under “ exclusions ” from coverage which reads as follows: 1 ‘ Electrical Apparatus Clause: This Company shall not be liable for any loss resulting from any electrical injury or disturbance to electrical appliances, devices or wiring from artificial causes unless fire ensues and, if fire does ensue, this Company shall be liable only for its proportion of loss caused by such ensuing fire.”
The second cause of action seeks recovery for the same damage against defendant Marcato Elevator Company, Inc. (hereinafter referred to as Marcato). It is alleged that Marcato undertook, when conditions warranted or upon notification of violations from the Department of Buildings, to repair and replace elevator equipment; and that it breached the elevator maintenance contract by refusing to repair and replace equipment damaged by fire, except for a motor which said defendant has repaired. Marcato asserts among other defenses that it was not required to make repairs by reason of paragraph “ 4 ” of the contract which provides that it “ shall not be under any obligation hereunder to make any renewals or repairs except those incidental to the normal operation of the machinery, and [it] is not required under this contract to make renewals or repairs necessitated by reason of negligence, accident, fire, water or misuse of machinery, apparatus or car or due to any other similar or dissimilar causes beyond its control.”
The other defendants named in the complaint are mortgagees of the premises. However, they have not appeared and no relief is requested as against them.
By stipulation between counsel for the parties, the jury was discharged and the case was tried by the court.
The court finds as a fact that there was a fire in the elevator motor room of the premises which caused damage to equipment *818 located therein. Plaintiffs’ handyman, Carter, was the only witness to the incident. His testimony relating thereto establishes that on June 18,1960 while he was working on the ground floor, he heard the elevator alarm ring. Upon responding to the alarm he discovered that the elevator was stuck on an upper floor and he observed smoke in the ceiling of the elevator shaft. After helping the passengers out of the elevator car, he ran to the motor room located on the roof where he saw flames around the elevator apparatus. He then ran downstairs with the intention of calling the Fire Department. However, on the eighth floor he noticed a blanket in the incinerator booth. He took the blanket and returned to the motor room. The flames were not as large as they had been when he first saw them. He was able to extinguish the flames by beating them with a blanket. The wires and insulators were burnt and also emitted an odor which accompanies burning. Immediately thereafter he notified Marcato of the incident. This testimony is credited by the court.
The court further finds that there is no credible evidence as to whether the fire preceded or followed a short circuit of the elevator equipment wiring. Plaintiffs, to support their contention that the fire occurred first, rely upon a statement in a letter dated June 27,1960 which they received from Marcato, reading as follows: ‘4 This fire which originated in the elevator drive motor was apparently caused by the oily fuzz in and around the base of the motor becoming ignited and the resultant flames enveloped the motor and caused the complete burn out of same. Inasmuch as the elevator controller was mounted over the drive motor the flames from the motor also burnt out the control board.” (Emphasis supplied.)
The court finds the aforesaid statement to be without probative force as an admission. In the first place, it clearly appears to have been no more than an expression of opinion as to the apparent cause of the fire. In Aschenbach v. Keene (46 Misc. 600, 601) the Appellate Term held that a statement that certain persons 4 4 must have left the faucet open ’ ’ was merely an expression of opinion and of no probative force. Secondly, as appears from a subsequent letter dated September 19, 1960 from Marcato to plaintiffs, the earlier letter had been sent by Marcato at plaintiffs’ request for the express purpose of enabling plaintiffs to present a claim for fire loss to the insurance companies in this case.
The expert witnesses failed to resolve this issue. Plaintiffs’ expert testified that 44 it was more than likely” that the fire came from outside the wiring. However, he examined the *819 premises approximately two months after the incident occurred and did not inspect the drive motor which had been removed for repairs. Moreover, his testimony was predicated in large part upon the unproven hypothesis as to the origin of the fire contained in Marcato’s first letter to plaintiffs, which was not supported by any evidence at the trial. To have probative force, opinion evidence must rest on a sound hypothesis having support in the evidence (Matter of Nazzaro v. Angelilli, 217 App. Div. 415, 417). Expert testimony may not be predicated on a sequence of conjectures (Sparkill Realty Corp. v. State of New York, 268 N. Y. 192). The insurance companies’ expert claimed that he found no evidence that there had been any fire but he conceded that a short circuit in the wiring could be caused by external flames if the insulation were sufficiently burned away or dried out by a fire.
The position of the plaintiffs is that they have established that the damage was occasioned by fire. The position of the defendants insurance companies is that the credible evidence in the case clearly indicates that the cause of the breakdown was entirely electrical in origin and was not caused by fire.
Any decision that the fire preceded the electrical disturbance or that the electrical disturbance preceded and caused the fire would rest upon pure conjecture and I have, therefore, concluded that neither proposition has been established by a fair preponderance of the credible and acceptable evidence.
Each side has briefed the question here at issue upon an assumption that the determination of the question of fact would be in its favor and neither side has briefed the question to what happens in the event, as turns out to be the case, that the court cannot make an affirmative finding either way on the question as to which came first, the fire or the electrical disturbance, although finding as a fact that there was a fire in the elevator equipment.
Independent research, however, has caused the court to conclude that, based on the affirmative findings here made and its inability to make any findings as to precedence, plaintiffs have established their right to recover on the first cause of action against defendants insurance companies. By proving, through evidence accepted and credited by the court, that there was a fire and resulting damage, plaintiffs have brought themselves within the coverage of the policies which insured them “ against all direct loss by fire ” to the premises. Thus in Agricultural Ins. Co. v. Rothblum, Inc. (147 Misc. 865) the court held that the insured established a prima facie case by offering proof that the loss occurred within the terms of the policy coverage *820 and was under no duty to offer proof to negate the possibility that the loss might have occurred in a manner described in the excepted clauses. The court said (p. 867): “ These exceptions are conditions subsequent rather than conditions precedent. ‘ The purpose of the exception in normal situations is simple and obvious. It is inserted in the contract for the purpose of withdrawing from the coverage of the policy, as delimited by the general language describing the risk assumed, some specific risk which the underwriter declares himself unwilling to undertake * # V (Vance Ins. [2d ed.] pp. 405, 406.) In an action by the insured against the insurer the onus would not be upon the insured to allege and prove, as a condition precedent, that the loss was not occasioned by the specified exceptions. Bather it would be incumbent upon the insurer to allege and prove, as a condition subsequent, that the loss arose from one of the excepted causes.”
Defendants insurance companies which seek to defeat plaintiffs ’ claim by reason of an exclusionary clause have the burden of proving that the loss, or a part thereof, comes within the exclusion relied upon (Green v. Travelers Ins. Co., 286 N. Y. 358, 361; Wagman v. American Fid. & Cas. Co., 304 N. Y. 490; Prashker v. United States Guar. Co., 1 N Y2d 584, 592; Cohen v. National Cas. Co., 275 App. Div. 1062). This burden has not been sustained. Defendants insurance companies were unable to establish that the short circuit preceded the fire so as to bring themselves within the ambit of the exclusion clause which relieves them of liability for loss originating from an ‘ ‘ electrical injury or disturbance” — except for. that portion of the loss caused by an ensuing fire.
The distinction between “ coverage ” provisions and “ exclusionary ” clauses or “ exceptions ” is the decisive factor in determining which party has the burden of proof. In Buffalo’s Trucking Serv. v. National Ben-Franklin Ins. Co. (243 F. 2d 949 [C. C. A. 2d]) an action was brought on a policy indemnifying the insured against liability for theft, and excluding from coverage liability for all loss arising out of “ infidelity ” of the insured or its employees. The trial court charged the jury that the burden was on the insurer to establish that the loss had resulted from the “ infidelity ” of the insured’s employees. On appeal the defendant insurance company argued that the plaintiff, as a part of its affirmative case, had the burden of negating by a preponderance of the evidence that the loss occurred in a manner excluded from coverage. The Court of Appeals (2d Circuit) in affirming the decision of the trial court in favor of the insured wrote an illuminating opinion containing apt *821 comments upon the law of New York dealing with the burden of proof. Said the court (pp. 952-953):
‘1 In support of its contention, the defendant relies on a number of New York decisions. See, e.g., Carles v. Travelers’ Ins. Co., 1st Dept. 1933, 238 App. Div. 43, 263 N. Y. S. 29, and Lavine v. Indemnity Ins. Co., 1933, 260 N. Y. 399, 183 N. E. 897, to the effect that the assured has the burden of proving that the loss was of a type included in the general coverage provisions of the insurance contract. But in the Carles case the court pointed out that the provision there in issue was ‘ found in the main body of the policy distinctly related to coverage. It was not one of the conditions listed in the policy exculpating the defendant from liability.’ 263 N. Y. S. at page 32.
‘ ‘ This distinction between ‘ coverage ’ provisions and exculpating or ‘ exclusionary ’ clauses has been recognized since then by the New York courts; and the distinction is still the decisive factor in determining which party has the burden of proof on an issue such as the issue here in dispute. See, e.g., Prashker v. United States Guarantee Co., 1956, 1 N Y 2d 584, 154 N. Y. S. 2d 910, 136 N. E. 2d 871; Wagman v. American Fidelity & Cas. Co., 1952, 304 N. Y. 490, 109 N. E. 2d 592. Thus, although the plaintiff insured may have the burden of proving that the policy covers his loss, the defendant insurance company has the burden of proving any fact falling within an exclusionary clause which, despite the ‘ coverage ’ provisions, will bar recovery on the policy. Prashker v. United States Guarantee Co., supra, 1 N Y 2d at page 592, 154 N. Y. S. 2d at page 916,136 N. E. 2d at page 875.”
Where the trial court is unable to determine whether the loss occurred in a manner set forth in the “ coverage ” provisions or ‘ ‘ exclusionary ’ ’ clauses, the insured is entitled to recover because the burden of proving that the loss comes within the exclusion rests with the insurer. Thus in Chase Rand Corp. v. Central Ins. Co. (152 F. 2d 963 [C. C. A. 2d, N. Y.]) the insured sued on a policy insuring against loss of jewelry. Loss due to theft by an employee was listed among the exceptions. The Trial Judge was unable to determine from the evidence whether a theft had occurred. Accordingly, he found that the insurer had not sustained the burden of proving that the loss occurred in the manner provided by the exception relied upon, and rendered a decision in favor of the insured which was affirmed on appeal.
United States Fire Ins. Co. v. Universal Broadcasting Corp. (205 Ark. 115) is likewise in point. There an action was brought upon a fire insurance policy for damages caused by fire to radio *822 apparatus. The policy insured the machinery and equipment of a broadcasting station against loss by fire and also contained an ‘ ‘ exception ’ ’ that the insurer should not be liable for any loss or damage to electrical appliances or devices caused by electrical currents. There was evidence that a fire began in a metal cabinet containing radio equipment. The cause of the fire was unknown. On appeal from a verdict in favor of the insured, the appellate court held that the trial court properly denied a motion by the insurer for a directed verdict, stating (pp. 117-118):
“ It is also here held that the burden is on the insurer to show that the loss or damage was caused by such an electrical current.
“ There is no positive testimony as to the cause of the fire which would have compelled the jury to find that the loss or damage was caused by electrical currents. Consequently the court did not err in refusing to direct a verdict for the appellant and the judgment will be affirmed.”
In Saul J. Baron Corp. v. Piedmont Fire Ins. Co. (166 Misc. 69, 70 [App. Term, 1st Dept., 1937]) the action was founded on an ordinary standard fire insurance policy issued by defendants to the plaintiff. The action was to recover the sum of $144.60, the reasonable valué for making repairs to electrical equipment damaged as a result of an alleged fire at plaintiff’s premises. The defense consisted of a general denial that there was any fire. The court in its Per Curiam reversal of a judgment for the plaintiff said:
‘1 Plaintiff had the burden of showing its alleged fire damage. The only evidence of the cause of the alleged fire, charring or burning of electric wiring, was that of an overload of electrical current.
‘ ‘ The burning or charring of a wire carrying electric current occurring during or accompanying an overload of current must be regarded as an electrical injury, especially when, as here, there is an absence of evidence showing such burning or charring to be fire as distinguished, if that can be, from electrical injury. ’ ’
As I read that case it is based upon a conclusion that ‘ ‘ there is an absence of evidence showing such burning or charring to be fire as distinguished, if that can be, from an electrical injury ’ ’. Here I have found factually that there was a fire. If the Baron case can be interpreted to mean that the plaintiff had not made out a case even if it be assumed that there was in fact a fire, and the electrical injury clause was contained as an “ exception ” in the policy, then in my opinion it is contrary to the prevailing rule of law and I decline to follow it.
*823 With respect to the quantum of damages, each policy contains a provision insuring plaintiffs to the extent of the actual cash value of the property at the time of loss, but not exceeding the amount which it would cost to repair or replace the property with material of “ like kind and quality ” within a reasonable time after such loss. The repairs and replacements have been completed. There was proof of the need therefor and the reasonableness of the price charged. The evidence credited by me established that the elevator control panel and portions of the wiring were damaged by fire to the extent that repairs could not be made to the existing control system so that both elevators in the premises would operate in a safe manner. Consequently, the damaged controllers were removed and two new automatic 0. Thompson selective and collective duplex controllers were installed in their place with necessary cables, wiring and other equipment at a cost of $7,900. In addition, the drive motor was repaired at a cost of $450,* making the total cost of repairs $8,350. Plaintiffs’ claim for additional damages in the sum of $2,500 is disallowed. There was evidence that due to a strike new controllers could not be obtained from Otis Elevator Company which manufactured the damaged controllers. Accordingly, less expensive controllers manufactured by O. Thompson were installed instead. However, there was no contention that the new controllers were not of “ like kind and quality ” as the replaced controllers.
Each policy contains an apportionment clause providing that the defendants insurance companies shall not be liable for a greater proportion of any loss than the amount of insurance therein bears to the whole amount of fire insurance covering the premises. Accordingly, plaintiffs are entitled to judgment against American Central Insurance Company in the amount of $4,351.39; against American Equitable Assurance Company of New York in the amount of $2,607.94, and against Commercial Union Assurance Company, Limited, in the amount of $1,391.67, together with interest from the date of filing proof of loss.
From the views heretofore expressed by the court, it is apparent that the cause of the fire was not established. It, therefore, follows that the plaintiffs have failed to sustain their burden of proof on the cause of action against Marcato for breach of contract. No showing was made that Marcato is liable to repair or *824 replace the damaged equipment. Under paragraph 4 of the maintenance contract it is not required to make repairs ‘ ‘ necessitated by reason of negligence, accident, fire, water or misuse of machinery, apparatus or car or due to any other similar or dissimilar causes beyond its control.” (Emphasis added.)
Plaintiffs’ contention that the fire occurred by reason of Marcato’s failure to furnish the maintenance required by the terms of its contract is not supported by the proof. Under paragraph 1 (a) théreof Marcato was required to examine and adjust and clean the elevator equipment twice a month and to repair and replace equipment ‘ ‘ when conditions warrant in the opinion of the Company” or upon notification of violations from the Department of Buildings or written recommendation from the insurance carrier. There was no proof, however, that the elevator equipment was not in good condition prior to the incident or that there were violations outstanding. Plaintiffs seek to charge Marcato with liability based on the testimony of their expert that the presence of oily fuzz around the base of the drive motor would indicate failure to maintain the equipment properly. However, this testimony is without probative force. As previously stated, it was predicated upon the unproven assumption (contained in Marcato’s letter of June 27, 1960) that the fire apparently was caused by a spark from the motor igniting oily fuzz. Plaintiffs have failed to prove that the fire resulted from any failure of maintenance on the part of Marcato, and since Marcato is not required to make repairs “necessitated by reason of * * * fire” there may be no recovery against it. Accordingly the complaint is dismissed as against said defendant.

 This sum has not been paid but under the proof that is the fair and reasonable value of the work done on the drive motor by Marcato for the plaintiffs.