J. Iewist Shapiro, J.
Defendants insurance companies move to vacate the decision in plaintiffs’ favor herein (Sachs v. American Cent. Ins. Co., 33 Misc 2d 816) and for dismissal of the complaint against them on the grounds that (1) the court’s determination was against the clear weight of the credible testimony and (2) the court erred in ruling that defendants had the burden of proving the electrical breakdown in the premises was not caused by a fire.
Plaintiffs sued on policies which insured them against “ all direct loss by fire ” to the premises. Defendants insurance companies, for an affirmative defense, alleged that the damage was due entirely to an electrical disturbance, to wit, a short circuit of elevator equipment wiring. They disclaimed liability based upon a clause in each policy under “ exclusions ” which reads as follows: “Electrical Apparatus Clause: This Company shall not be liable for any loss resulting from any electrical injury or disturbance to electrical appliances, devices or wiring from artificial causes unless fire ensues and, if fire does ensue, this Company shall be liable only for its proportion of loss caused by such ensuing fire.”
At the trial plaintiffs proved to the court’s satisfaction, and accordingly the court factually found, that there had been a fire, and that the fire caused damage to the elevator equipment.
As to the origin of the fire, plaintiffs’ expert testified that it probably arose outside the wiring and caused the short circuit. Defendants insurance companies’ expert denied that there had been a fire, either before or after the short circuit. The court rejected the contention that there had not been any fire. Upon the entire record, however, the court was of the opinion that any decision that the fire preceded the short circuit, or that the short circuit preceded and caused the fire, would rest upon pure conjecture. Accordingly, the court concluded that neither proposition had been established by a fair preponderance of the credible and acceptable evidence. The bases for the foregoing findings were sufficiently set forth in the original opinion and need not be repeated here.
The first ground urged by the defendants insurance companies in support of this motion, is that the proof requires a finding in accord with the testimony of their expert, that there was no fire damage of any kind to the premises. The court’s contrary finding, they claim, was against the clear weight of the evidence. *689 This contention is not accepted by the court. In making its findings the court gave due consideration to the credibility of the witnesses and the quality of the evidence adduced at the trial. Accordingly, the court adheres to its factual findings for the reasons stated in its original opinion.
The second ground urged in support of the motion is that plaintiffs had the burden of proving that the fire preceded and caused the electrical breakdown. At the trial neither side argued nor briefed the issue as to burden of proof upon the assumption that a determination would be made in its favor as to whether the fire or electrical disturbance came first. Defendants insurance companies have now submitted a brief in support of this motion. Accordingly, the court takes this opportunity to amplify its original opinion.
The court adheres to its original decision that plaintiffs, by proving that there had been a fire and damage resulting from a fire (as distinguished from damage resulting solely from an electrical disturbance) established a prima facie case, bringing themselves within the coverage of the policies, and that defendants insurance companies had the burden of proving their affirmative defense based upon the exclusionary clause that the electrical disturbance was not preceded and caused by a fire.
The general rule as to burden of proof where an exclusionary clause is interposed as a defense is as follows: “Sec. 1854. Exceptions From and Limitations of Liability. — If a risk is excepted by the terms of a policy which insures against other perils or hazards, loss from such a risk constitutes a defense which the insurer may urge, since it has not assumed that risk, and from this it follows, at least as a general rule, that an insurer seeking to defeat a claim because of an exception or limitation in the policy has the burden of proving that the loss, or a part thereof, comes within the purview of the exception or limitation set up. In other words, the principle generally applied by the courts is that if proof is made of a loss apparently within a contract of insurance, the burden is upon the insurer to prove that the loss arose from a cause of loss which is excepted or for which it is not liable, or from a cause which limits its liability.” (29A Am. Jur., Insurance, § 1854.) ■
More specifically, the burden of proving an excluded risk in a fire insurance policy is generally upon the insurer (46 C. J. S., Insurance, § 1318, p. 421): “ Excepted risJc or cause. In some jurisdictions the burden is on the plaintiff to show that the fire or loss was not due to a cause which is excepted by Lhe terms of the policy. In most jurisdictions, however, where the loss appears to have been caused by fire, it is incumbent on *690 defendant to show that it falls within one of the excepted risks or causes, hut if defendant sustains this burden, it then becomes incumbent on plaintiff to disprove defendant’s case or present additional facts taking the case out of the exception.” In my opinion, New York follows the general rule which places on the insurance company the burden of proving any fact falling within an exclusionary clause which will bar recovery on the policy.
In Green v. Travelers Ins. Co. (286 N. Y. 358) cited in the original opinion herein, the insured paid a judgment against him for personal injuries and then brought an action for indemnification against the defendant insurance company. The insurer disclaimed liability on the ground that the injured person was plaintiff’s employee at the time of the accident. The case was submitted to the trial court on stipulated facts that the injured person was a passenger in a truck operated by plaintiff, and that he was being transported to pick currants on plaintiff’s farm at the time of the accident. Plaintiff relied on a provision of the policy whereby the insurer undertook ‘ ‘ to pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him * * * because of bodily injury * * * sustained by any person or persons, caused by an accident or arising out of the ownership, maintenance or use of the automobile.” (Id., p. 361.)
The insurer relied on a clause contained in that portion of the policy entitled ‘ ‘ exclusions ’ ’ which excluded from coverage liability for injuries occurring to “ any employee of the insured while engaged in the business of the insured.”
The Court of Appeals found in the insured’s favor on the ground that the insurance company failed to sustain the burden of showing that the injured person was in the employ of the insured at the time of the accident. The court said (p. 361): “ Since this clause [the exclusionary clause] was pleaded as a separate and affirmative defense, the burden of proof thereon was upon the defendant (Murray v. N. Y. Life Ins. Co., 85 N. Y. 263). The defendant has failed to sustain the burden of proof.”
In Prashker v. United States Guar. Co. (1 N Y 2d 584, 592) the Court of Appeals reaffirmed its prior holding that the insurance company has the burden of proving facts falling within an exclusionary clause upon which it relies to escape liability when it said “ The rule [is] that an insurance company has the burden of proving such facts as will come within exclusionary clauses in an insurance policy (Wagman v. American Fidelity & Cas. Co., 304 N. Y. 490)”.
*691 Where there is proof of a fire, which is credited by the trier of the fact, as in the case at bar, the burden is on the insurance company .to establish its affirmative defense that the fire originated in a manner excluded from coverage under the terms of the policy (Slocovich v. Orient Mut. Ins. Co., 108 N. Y. 56). In that case the action was on a policy to recover for destruction of a ship by fire. The defense was that the ship was set on fire by the captain. The insurance company contended that the insured had the burden of proving that the fire loss occurred (p. 66) “ without any agency or instrumentality of the plaintiffs, direct or indirect.” The Court of Appeals held that the quoted clause constituted an exception or exclusion, and, in determining that the burden of proof to establish its exemption from liability was on the insurance company, said (p. 66): “ Where there is an insurance against a loss by fire, and it is proved or admitted that the property insured has been destroyed by fire, the loss is brought literally and exactly within the terms of the policy. If in such a case the insurance company claims to be exempt from paying the sum insured because there has been a breach of some condition contained in the policy, or the violation of some obligation or duty imposed upon the insured by the law or contract, the burden rests upon it to establish the facts which it thus relies upon as a defense to the claim under the policy.” Thus, a plaintiff suing on a policy of insurance is under no duty to offer proof to eliminate the possibility that the loss might have occurred in a manner excluded from coverage. In the leading case of Murray v. New York Life Ins. Co. (85 N. Y. 236) the insured’s widow sued upon two policies, alleging in the complaint that the insured’s death was not caused by his breach of any conditions of the policies. The answer denied this allegation and by way of affirmative defense alleged that the insured’s death resulted from his violation of the laws of New York, to wit, an unlawful assault committed by him, and that consequently there was no coverage.
The Court of Appeals held that to make out a cause of action plaintiff need only establish the contract, the death of the insured, and the failure of the insurer to pay, all of which were admitted in the defendant’s answer. The allegations in the complaint, that the insured’s death was not caused by a breach of any conditions of the policies was deemed surplusage which plaintiff was not required to aver or to prove. The court (p. 240) said that in its answer “ the defendant had alleged a breach, and unless it was proved no defense was made out, and the plaintiff was not called upon to disprove what had not been established by evidence.” Accordingly, the Court of Appeals *692 held that the trial court erred in denying the defendant insurance company the right to open and close, since it had the burden of proof on the only controverted issue of fact in the case.
Where, as here, a defendant insurance company has the burden of proof on the particular issue involved, the plaintiff is entitled to recover if the evidence is evenly balanced. In Seufert v. Commercial Travelers Mut. Acc. Assn. (263 N. Y. 496) an action was brought to recover upon a certificate of accident insurance. A defense was interposed that the insurance had been terminated because of plaintiff’s failure to pay an assessment. The crucial factual issue was whether a notice of assessment had been mailed to plaintiff. Plaintiff claimed the notice was never received. Defendant offered evidence that it had been mailed. The Court of Appeals held that the trial court properly charged the jury that the defendant had the burden of proof with respect to its defense, and that if it found the evidence evenly balanced, plaintiff was entitled to recover. Accordingly, it reversed the Appellate Division (240 App. Div. 786) which in finding for the defendant had erroneously concluded that plaintiff had the burden of proof. The Appellate Division had stated “ the prima facie case, however, was overcome by defendant’s proof, if credited, and the burden of proof was upon the plaintiff, and never shifted.”
The cases relied upon by defendants insurance companies are not here controlling. In Fidelity-Phoenix Fire Ins. Co. v. Two States Tel. Co. (289 S. W. 726 [Tex. Civ. App.]) the court declared that under the rule adopted in Texas the insured had the burden of proving that the loss did not occur in a manner excluded from coverage. The fact that the burden of proof rule adopted by Texas is contrary to the general rule was recognized in United States Fire Ins. Co. v. Universal Broadcasting Corp. (205 Ark. 115), a case cited in my original opinion.
In Hallas v. North Riv. Ins. Co. of N. Y. (279 App. Div. 15, 16, affd. 304 N. Y. 671) the court found as a fact that “ The evidence compels the conclusion that the loss sued on had its origin in an explosion and that any fire covered by the policies in suit was a fire which followed the explosion.”
As a consequence of this factual finding the question as to who had the burden of proving that the explosion was preceded by a fire was neither involved nor determined. However, having factually determined that the origin of the loss was an explosion, i.e., that the explosion preceded the fire, the court then went on to say “ Plaintiff, therefore, had the burden under the policies of showing the extent of any covered loss occasioned by fire as *693 distinguished from any excluded loss caused by the explosion (Nasello v. Home Ins. Co., 277 N. Y. 632).”
The basic distinction between the Hallas case and this case is that there the Appellate Division found as a fact that the origin of the loss was the explosion whereas in this case, as a trier of the fact, I was unable to make a factual determination that the electrical disturbance preceded any damage caused by the fire. In the Hallas case the origin of the damage being the explosion, the plaintiff, under the very terms of the policy, was thereupon compelled to assume the burden of proving “ the extent of any covered loss occasioned by fire as distinguished from any excluded loss caused by the explosion ”. Similarly in this case, if I had determined that the initial damage or loss was occasioned by an electrical disturbance, and that the fire broke out subsequent thereto, then, and under such circumstances, the plaintiffs, under the very terms of the policy would have been unable to recover unless they sustained the burden of proving the extent of the damage caused by the fire, for on that issue they would have the burden of proof. The reason for that is the specific wording of the exclusion clause which limits the liability of the insurer only to the actual damage caused by the fire when the fire follows the electrical injury or disturbance. The exclusion clause has heretofore been set forth in full but for the sake of cogency of argument it is repeated here again. It reads: “ Electrical Apparatus Clause: This Company shall not be. liable for any loss resulting from any electrical injury or disturbance to electrical appliances, devices or wiring from artificial causes unless fire ensues and, if fire does ensue, this Company shall be liable only for its proportion of loss caused by such ensuing fire.” (Emphasis supplied.)
Thus, the Hallas case does not sustain the contention of the insurance companies that the burden of proof to establish that the fire preceded the electrical disturbance is on the insurer, but rather that when the ultimate facts disclose that the fire did in fact ensue or follow the electrical disturbance that then, and only in that event, is the burden upon the plaintiff insured to establish precisely what damage was caused by the fire, as distinguished from what damage was caused by the electrical disturbance. (5 Joyce, Insurance [2d ed.], § 3697-a, p. 6222; Dennis v. Norwich Fire Ins. Soc., 50 Ohio App. 193; German Amer. Ins. Co. v. Hyman, 42 Col. 156, 176.)
In Jefferson Term. Corp. v. Home Ins. Co. (180 Misc. 30, affd. without opinion 266 App. Div. 651) (apparently never cited in a subsequent case or in any legal periodical) an action was *694 brought to recover on a New Jersey policy which insured plaintiffs against fire loss. Defendant sought to escape liability on the ground that the loss had its origin in an explosion. The trial court found the proof on both sides “ substantially equal ” as to the cause of the explosion. Its determination that the plaintiffs had the burden of showing the cause of the explosion rested on a narrow construction of the particular policy before the court. As to which side had the burden of proof, the court said (p. 31): “ This, in turn, depends upon whether the clause mentioning explosion was one which ‘ distinctly related to coverage ’ or was merely ‘ one of the conditions listed in the policy exculpating defendant from liability. ’ (Carles v. Travelers Ins. Co., 238 App. Div. 43, 45; Lavine v. Indemnity Ins. Co., 260 N. Y. 399, 410.) I believe that the clause was one of coverage.”
A reading of the record on appeal discloses that the clause mentioning explosion was not contained under a separate section of the policy entitled “exclusions” or one similarly labeled; rather it was included among the numerous provisions in the main body of the policy relating to such matters as notice of loss, limitation of insurer’s liability to cash value of property at time of loss, renewals, cancellations, etc. The Jefferson Term, decision cites and quotes from Carles v. Travelers Ins. Co. (238 App. Div. 43) as a controlling authority on the burden of proof. The Carles case involved a policy which exempted from coverage injuries caused by the insured’s elevators when operated by a person under legal age. In holding that the burden was on the insured to prove that at the time of the accident the elevator was being operated by a person of legal age, the court pointedly noted (238 App. Div. 43, 45): “ Here, the provision above quoted, found in the main body of the policy distinctly related to coverage. It was not one of the conditions listed in the policy exculpating the defendant from liability.”
Applying the distinction pointed out in the Carles case, the determination in the Jefferson Term, case is not an authority for the insurance companies here. They did not here limit their liability “ in the main body of the policy ” but set it forth as “ one of the conditions listed in the policy exculpating the defendant(s) from liability” (Carles, supra). That being the case, the burden of proof was theirs.
In O’Connell v. New Jersey Fid. & Plate Glass Ins. Co. (201 App. Div. 117, affd. 235 N. Y. 583) the facts were substantially the same as in the Carles case (supra). There the policy contained the following disclaimer: “ 1 Not covered: 3. This policy does not cover loss on account of injuries or death suffered by *695 any person or persons caused by any automobile (a) while driven by or in charge of any person in violation of law as to age, or in any event under the age of sixteen years. ’ ” (Id., p. 118.) The question, as in the Carles case, was whether the plaintiff had the burden of proving compliance with the clause in question, or whether the burden of proof to show the breach thereof was upon the defendant insurance company. The trial court charged that the burden of proof in that regard was upon the defendant. The Appellate Division Justice writing for a majority of the court said “ I think the ruling was right ” citing Rau v. Westchester Fire Ins. Co. (50 App. Div. 428); Ellis v. National Provident Union (50 App. Div. 255). The majority of the court in coming to the conclusion that the burden of proof to establish the disclaimer, as it called it, was upon the insurance company also quoted from Slocovich v. Orient Mut. Ins. Co. (supra) hereinbefore discussed in this opinion. The determination of the majority of the court in the O’Connell case, as has been noted, was unanimously affirmed by the Court of Appeals (235 N. Y. 583).
Dealing with the issue of who has the burden of proof, the distinction between initial coverage provisions contained in the main body of the policy, and exclusionary or exemption clauses contained in subsequent provisions of the policy, was recognized as decisive in Ruffalo’s Trucking Serv. v. National Ben-Franklin Ins. Co. (243 F. 2d 949 [2d Cir.]) quoted from in my original opinion. Here, in each insurance policy, the clause relied upon to escape liability is contained not in the initial and main coverage portion of the policy, but rather in a subsequent portion thereof entitled “ exclusions ”, It would, therefore, seem clear, on the authority of Green v. Travelers Ins. Co. (supra); Prashker v. United States Guar. Co. (supra) and the other cases herein cited, that defendants insurance companies have the burden of proof with respect to their affirmative defense based upon the exclusion clause.
Balinsky v. National Cas. Co. (33 N. Y. S. 2d 737 [App. Term, 2d Dept.]) which states in a one sentence opinion that it was error to impose on the defendant the burden of proving the exceptions to the policy, would appear to be inconsistent with New York law as declared by the Court of Appeals. Moreover, a member of the Bench in that case reached.an opposite conclusion in Risikoff v. Metropolitan Life Ins. Co. (188 Misc. 768 [Supreme Ct., Kings County]). There an action was brought upon a policy of life insurance. The insurer interposed as a defense that the death of the insured was due to a hazard not assumed under the policy. The provision relied upon excluded *696 coverage if death resulted from an act of war, and occurred within six months thereafter, while the insured was in military service outside the United States. The insured was reported missing in France. One year and one day later the War Department made a finding that death was presumed to have occurred as of the date of finding. Motions by each side for summary judgment were denied. The finding of the War Department was deemed admissible as evidence but not conclusive. The court said (p. 769): “ Defendant having the burden of establishing the defenses which are pleaded (Green v. Travelers Ins. Co., 286 N. Y. 358, 361; Murray v. New York Life Ins. Co., 85 N. Y. 236), it is required to prove that the insured died overseas as a result of an act of war and within six months after such act.”
Sagorsky v. Malyon (4 A D 2d 1016) cited by defendants insurance companies has an unusual history. On the first trial a plaintiffs’ verdict was returned on an insurance policy. The Appellate Division, First Department, held that the verdict was against the weight of the evidence and reversed the trial court and dismissed the complaint (283 App. Div. 859). The Court of Appeals reversed, stating that since the Appellate Division had found that the verdict was against the weight of the evidence, its power was limited to ordering a new trial (307 N. Y. 584). On the second trial a plaintiffs’ verdict was again returned. It was set aside and the complaint dismissed by the trial court. The Appellate Division, First Department, affirmed this determination (2 A D 2d 675), but was again reversed by the Court of Appeals on the ground that the evidence presented a question of fact for the jury (3 N Y 2d 907). The matter was remitted to the Appellate Division to render judgment deemed proper on the facts consistent with the opinion of the Court of Appeals. -The Appellate Division in its opinion (4 A D 2d 1016) conceding that it had earlier been in error, ordered a new trial on a question not theretofore considered on the appeal — the propriety of the Trial Judge’s charge. The litigants then settled out of court (see 34 St. Johns L. Rev. 201).
As to the second trial, the record of which was before the court (4 A D 2d 1016), plaintiffs sued on a jeweler’s liability policy which insured them against loss of jewelry. The policy excluded from coverage a loss occurring while the property was in an automobile, unless at the time of loss there was actually in, or upon the vehicle, the insured, his permanent employee, or a person whose sole duty was to attend the vehicle. The sole issue of fact was whether the vehicle was attended at the time of the loss. The evidence was overwhelming that the vehicle was unattended. The car was parked in the driveway of a garage *697 with its hack end protruding on a public sidewalk. Two disinterested witnesses testified for defendant that they observed the car unattended at the garage entrance when an unidentified man took a bag from the vehicle and walked away. Plaintiff’s case was predicated on Ms claim that the automobile was attended by a garage attendant at the time of the theft. However, plaintiff was unable to testify that the automobile was attended at all times by a garage attendant, and the garage attendant testified that the car was left unattended for a period of time.
The trial court charged the jury that if they found the defendant had not by a preponderance of the credible evidence sustained its burden as to the exception in the policy, or if the evidence was evenly balanced on that issue, then on the issue of the exception clause they must find for the plaintiff. The jury returned a verdict for plaintiff. Defendant moved to set aside the verdict. It argued, assuming plaintiff had made out a prima facie case, that when defendant came forward with direct affirmative proof that eyewitnesses saw an unidentified man remove the bag at a time when no person was in or upon the automobile, it was incumbent upon plaintiff to come forward and rebut this affirmative proof. The motion was granted and the verdict was set aside. As previously indicated, the Appellate Division affirmed, and the Court of Appeals reversed, on the ground that a question of fact was presented for the jury. When the case was remitted to the Appellate Division, in ordering a new trial, the court citing the dubious authority of Balinsky v. National Cas. Co. (supra, p. 1016) said as follows: “ The charge with respect to the burden of proof was inadequate, and there was a failure to properly instruct the jury that the plaintiffs had the burden of proof upon the whole case. Not alone were they required to establish that their loss was covered by the terms of the policy under which recovery was sought, but also, that it was not barred by the exclusion provision of the contract.”
The court’s decision can only be understood in terms of the factual background of the case. In the first instance the insured need only offer proof of loss within the coverage provisions of the policy, and need not establish that the loss was not barred by an exclusion provision. If the insurer sustains the burden of proof with respect to its defense that the loss comes within an exclusionary clause, the insured must then come forward with proof to show that the loss was not barred by the exclusion provision of the policy (see 46 C. J. S., Insurance, § 1318, p. 421, supra). However, the mere presentation of some proof in *698 support of a defense that the loss comes within an exclusionary clause will not prevent a recovery by the insured, since there is a triable issue, even though he fails to come forward with proof in rebuttal. Thus in the Sagorshy case it seems clear that the insurer introduced proof which could have been found by the trier of the fact to establish that the loss was excluded from coverage. Nevertheless the Court of Appeals held that the original prima facie case theretofore made out by the plaintiff was not conclusively rebutted, and that, therefore, it was error to direct a verdict in favor of the insurer. A fortiori in the ease at bar plaintiffs are entitled to a recovery, since they established a prima facie case which was not rebutted by a preponderance of credible evidence as in the Sagorshy ease, or, in fact, by any evidence which I found to be credible. Neither side here established by a preponderance of credible evidence whether the fire or electrical breakdown came first.
Mb. Justice Steuer in Koeing v. Federal Ins. Co. (27 Misc 2d 418) in referring to the decision in Sagorsky v. Malyon (4 A D 2d 1016) recognized that in the first instance the insured need not establish that the loss is not barred by the exclusion provision and that the insurer must offer proof to show that the loss comes within the exception. He then made the questionable statement that once proof was offered to show that the loss comes within the exception, the insured bears the burden on the issue. This would appear to be contrary to the opinions of the Court of Appeals in Sagorsky v. Malyon (3 N Y 2d 907, 307 N. Y. 584) which held that plaintiffs’ proof created a triable issue of fact, although the record clearly indicates that there was a preponderance of credible evidence that the loss occurred in a manner excluded from coverage; and also contrary to Seufert v. Commercial Travelers Mut. Acc. Assn. (263 N. Y. 496, supra) which reversed the Appellate Division for holding that when the defendant insurance company offered proof to rebut the prima facie case plaintiff had the burden of proof.
In the very recent case of Sincoff v. Liberty Mut. Fire Ins. Co. (11 N Y 2d 386) the Court of Appeals was dealing with an “all-risk” personal property floater insurance policy. The policy, said the court, covered all “ £ personal property owned, used or worn by the persons in whose name this policy is issued, hereinafter called the Insured, and members of the Insured’s family of the same household, while in all situations, except as hereinafter provided ’ against £ all risks of loss of or damage to property covered, except as hereinafter provided. ’ Excluded by paragraph 6(g) were losses caused by £ deterioration, moth, vermin and inherent vice. ’ ” (Id., p. 388.)
*699 The Court of Appeals ruled that, ‘ ‘ Defendant, to derive any benefit from the exclusory clause, was obliged to show ” (id., p. 390) that that clause relieved it of liability.
In reversing the Appellate Division and reinstating the determination of Trial Term (25 Mise 2d 530) in favor of the plaintiff, the court said, “ this the defendant was unable to do ”. As I read that decision what the Court of Appeals said (p. 390) the defendant “was unable to do ” was to sustain the burden of proof which under the law rested upon it to show that the exclusion clause exempted it from covering the loss in question. That is precisely my holding here.
In a tangential connection the Court of Appeals in the Bincoff case pointed out that the rule of interpretation requiring ambiguities in an insurance policy to be “ resolved in favor of the assured” — has particular application where exclusions are involved.
Accordingly, I adhere to my original determination and deny the motion to set it aside.