James H. Boomeb, J.
On this motion I am called upon to consider the form of a third-party judgment granted on a Dole (Dole v. Dow Chem. Co., 30 N Y 2d 143) claim for contribution between joint tort-feasors.
Plaintiff, a pedestrian, sued the defendant, the driver of the automobile that struck her, and the defendant brought a third-party action against the driver of another automobile alleging that the other driver was in part responsible for the injuries caused to the plaintiff. The plaintiff made no claim against the third-party defendant. Both cases were tried together and the jury rendered a verdict in favor of the plaintiff in the sum of $66,000, and also rendered a verdict in favor of the defendant and third-party plaintiff against the third-party defendant finding the relative fault of the defendant and third-party plaintiff to be 70% and of the third-party defendant to be 30%. Plaintiff has entered a judgment against the defendant for the full amount of the jury verdict and the defendant and third-party plaintiff has in turn entered a judgment against the third-party defendant in the amount of $19,800.
The judgment entered by the third-party plaintiff must be amended.
In Dole (supra), the Court of Appeals referred to an apportionment of liability between joint tort-feasors as being, in *826 effect, a partial indemnification.[1] A cause of action for indemnity arising by operation of law does not accrue until the person seeking indemnity has paid the judgment recovered by the injured person (28 N. Y. Jur., Indemnity, § 33; Lanser v. Baumrin, 2 Misc 2d 610; Dunn v. Uvalde Asphalt Paving Co., 175 N. Y. 214; Satta v. City of New York, 272 App. Div. 782). The language of CPLR 1007 authorizing impleader is sufficiently broad to permit the bringing of a third-party action on a contingent claim (Krause v. American Guar. & Liab. Ins. Co., 22 N Y 2d 147), but any judgment rendered on such claim based on indemnity should be conditional and should fix the “ potential liability without the need for payment until it is shown that the judgment in the principal action has been satisfied in whole or part.” (McCabe v. Queensboro Farm Prods., 22 N Y 2d 204, 208.)
“ The judgment or judgments may be rendered with a safeguard to the third-party defendant by providing that no judgment will be required to be paid by him unless and until the defendant has paid the judgment rendered against him.
“ A judgment in a third-party action may either be coercive but conditioned on the satisfaction by the third-party plaintiff of the judgment rendered against him, or declaratory of indemnity against loss or against liability. A declaratory judgment becomes coercive when loss is incurred through payment by the third-party • plaintiff.” (3 Carmody-Wait 2d, New York Practice, § 19:130.)
The judgment entered by- the third-party plaintiff in this action was not conditioned upon payment of the judgment against her. Clearly, she is not entitled to collect the $19,800 judgment she has taken against the third-party defendant (representing the third-party’s 30%' proportion of the blame as fixed by the jury) until she has fully satisfied the $66,000 judgment taken against her by the plaintiff. Therefore, the judgment in the third-party action should, at least, be amended to insert a provision that it need not'be paid until the third-party plaintiff has fully satisfied the judgment in the principal action. That provision, however, will not fully declare all of the rights of the third-party plaintiff, for she may pay a part, but not all, of the principal judgment. In that event she should be entitled *827 to collect a judgment over for that part of the judgment paid by her which exceeds her proportionate share of 70%.
Counsel for third-party plaintiff contends that in case of partial payment of the principal judgment, the third-party plaintiff should be entitled to collect on the third-party judgment 30% of any amount she pays to the plaintiff. This contention does not accord with the principles of indemnification, which apply to Dole judgments. In re-examining 1 ‘ the measure of redress that has been allowed by indemnity in favor of a party found negligent against another who played an effective role in causing the damage ”, the court, in Dole, concluded that “ where a third party is found to have been responsible for a part, but not all, of the negligence for which a defendant is cast in damages, the responsibility for that part is recoverable by the prime defendant against the third party.” (Dole v. Dow Chem. Co., 30 N Y 2d 143, 148-149, supra.) Here, the third-party plaintiff will not be “ cast in damages ” until she pays the plaintiff. And to be damaged by reason of having paid for that portion of the judgment attributable to the negligence of the third-party defendant, the third-party plaintiff must first pay that part of the principal judgment attributable to her own negligence.
The obligation to indemnify, implied in law, is based upon the unjust enrichment of one whose obligation has been paid at the expense of another. And “ as there can be no unjust enrichment on the part of the defendant until the plaintiff has paid more than his proportionate share of the debt, the plaintiff’s cause of action against the defendant does not arise until it is established that he has paid more of the debt than, as between himself and his co-surety, he should have been called upon to pay.” (Keener, Law of Quasi-Contracts, p. 407.)
There is little authority in New York State, other than statutory, establishing the form of a judgment for partial indemnity or contribution between joint tort-feasors. Before Dole, contribution was governed solely by statute. And that statute expressly provides for contribution only “ with respect to the excess paid [by one defendant] over and above his pro rata share ”. (CPLR 1401.) The Uniform Contribution Among Tortfeasors Act of 1939 (§ 2, subd. [2]), similarly provides that “ A joint tortfeasor is not entitled to a money judgment for contribution until he has by payment discharged the common liability or has paid more than his pro rata share thereof.”[2] *828 The commissioners’ note comments that “ This subsection merely states the universally recognized condition required for obtaining a money judgment for contribution.”
The Law Revision Commission of the State of New York has on several occasions proposed legislation liberalizing the doctrine of contribution between joint tort-feasors. In 1938 and 1939 it proposed an act providing that “ The right to enforce contribution shall not accrue until one of such persons has by payment discharged the common liability or has paid more than his pro rata share thereof.” (1938 Report of N. Y. Law Rev. Comm., p. 67; 1939 Report of N. Y. Law Rev. Comm., p. 30.) An act the commission proposed in 1941 also contained a similar provision (1941 Report of N. Y. Law Rev. Comm., p. 19).
Recently the Committee to Advise and Consult with the Judicial Conference on the Civil Practice Law and Rules has proposed legislation codifying the rule embodied in Dole. Its proposed statute similarly provides that “ The amount of contribution to which a person is entitled shall be the excess paid by him over and above his equitable share of the judgment recovered by the injured party ”. (Twelfth Annual Report of N. Y. Judicial Conference to the Legislature on the CPLR; McKinney’s Session Law News, 1974, No. I, p. A 18.)
"While the statutory provision of CPLR 1401 and the recommendations of the Commissioners on Uniform Laws, of the Law Revision Commission, and of the CPLR Advisory Committee are not binding upon the courts when deciding issues of contribution under the theory espoused in Dole, they are persuasive.
I conclude that the third-party judgment must be amended to delete the provision for a present money judgment and to substitute instead a provision that the third-party plaintiff shall be entitled to a judgment against the third-party defendant upon payment to the plaintiff upon the principal judgment and- that the third-party judgment shall be in such amount as the amount paid, on the principal judgment shall exceed the third-party plaintiff’s proportional share (which is 70%) of the principal .judgment.

. “ There are circumstances which would justify apportionment of responsibility between third-party plaintiff and third-party defendant, in effect a partial indemnification.” (Dole v. Dow Chem. Co., supra, p. 147.) “ Where, however, there has been an apportionment of liability based on indemnity between a third-party plaintiff and a third-party defendant.” (Dole v. Dow Chem. Co., supra, p. 153; emphasis supplied.)

. Interestingly, subdivision (4) of this section, which was stated to be optional, provided for a Dole apportionment: “When there is such a disproportion of fault among joint tortfeasors as to render inequitable an equal dis *828 trilration among them of the common liability by contribution, the relative degrees of fault of the joint tortfeasors shall be considered in determining their pro rata shares.” (Emphasis supplied.) The Revised Uniform Contribution Among Tortfeasors Act of 1955 dropped this subsection.