Joseph G. Fritsch, J.
The defendant, Catherine M. Collalto, seeks an order pursuant to CPLR 3217 (subd [b]) and subdivision (b) of section 15-108 of the General Obligations Law discontinuing each of the above actions against her and dismissing any cross claim now pending against her in either action seeking contribution and indemnification and enjoining any future cross claims.
On the 26th day of March, 1973, the defendant, Catherine M. Collalto, was the owner and operator of a motor vehicle which collided with an automobile owned and operated by the defendant, William A. Diven. The accident occurred in the Town of Penfield, New York, causing serious injuries to the plaintiffs who were passengers in the defendant’s, Catherine M. Collalto, automobile.
The above-entitled actions were thereafter commenced by the plaintiffs against the defendant, Catherine M. Collalto. Thereafter negotiated settlements in these actions were ap *598 proved by court orders dated August 26, 1974. Payment pursuant to the said settlements and orders has been withheld pending the relief sought herein by the defendant, Catherine M. Collalto.
Section 15-108 of the General Obligations Law and CPLR article 14, as amended by chapter 742 of the Laws of 1974, were enacted by the State Legislature in an attempt to clarify and codify the Dole-Dow theory. The issue here is whether or not these statutes apply in this motion before the court. It is the general rule of the State of New York that unless the Legislature clearly intends a statute to be retroactive, it should be construed as prospective only. In the Matter of Ayman v Teachers’ Retirement Bd. of City of N. Y. (9 NY2d 119, 125) the court stated as follows: "This view is in accord with the general rule of construction that statutes as well as constitutional provisions are to be construed as prospective only, unless a clear expression of intent to the contrary is found”. (See, also, Matter of Mulligan v Murphy, 14 NY2d 223, 226.) The Legislature did not intend to give retroactive application to the statutes involved in this matter.
The causes of action herein arose prior to the effective date of these statutes, which was September 1, 1974, and therefore, the motion of defendant, Catherine M. Collalto, is denied.
(On reargument, July 23, 1975.)
By decision dated December 16, 1974, the motion made by defendant Catherine M. Collalto, for an order pursuant to CPLR 3217 (subd [b]) and subdivision (b) of section 15-108 of the General Obligations Law discontinuing each of the above actions against her and dismissing any cross claim now pending against her in either action seeking contribution and indemnification and enjoining any future cross claims, was denied.
On application of Bayer, Dupee & Smith, Jon Charles Dupee, Esq., of counsel, attorneys for defendant Catherine M. Collalto, I heard a reargument of defendant Collalto’s motion on the 13th day of January, 1975. On the memoranda of law submitted by the attorneys for the respective parties on the reargument, and being aware of the memorandum decision of my fellow Justice Marshall E. Livingston dated June 30, 1975 in Short v Thygelsen (— Misc 2d —), in which memorandum decision Justice Livingston decided a similar matter contra to my decision, I hereby affirm the decision made by *599 me in this matter under date of December 16, 1974, and deny again on reargument the motion of defendant Catherine M. Collalto, holding again, in effect, that the substantive right of the defendant William A. Diven, which allowed him to cross-claim against the defendant Catherine M. Collalto for contribution and indemnification was established and jelled as the law existed on the date of the accident herein, to wit: March 26, 1973, and was not taken away by the amendment to subdivision (b) of section 15-108 of the General Obligations Law and CPLR article 14 as amended by chapter 742 of the Laws of 1974.