GATES-CHILI CENTRAL SCHOOL DISTRICT et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 58214; Appeal No. 1.)

HENRY J. HARRINGTON, Appellant, v STATE OF NEW YORK, Respondent, (CLaim No. 58291; Appeal No. 2.)

Fourth Department, December 17, 1976

*Sullivan, Gough, Skipworth, Summers & Smith (Walter C. Eves* of counsel), for appellants.

*Louis J. Lefkowitz, Attorney-General (Douglas L. Manley* and *Ruth Kessler Toch* of counsel), for respondent.

*Per Curiam.* Claimants appeal in each action from an order of the Court of Claims granting the State's motion to dismiss the claim as untimely.

These actions arise from separate automobile accidents and

each claim seeks contribution from the State based upon payments made by the respective claimants to settle Supreme Court actions brought against them by persons injured by motor vehicles which claimants owned and operated. The claims for contribution are predicated upon the State's alleged failure to discharge its statutory responsibility to ensure that the State highways are properly maintained and rest upon the principles of liability announced by the Court of Appeals in *Dole v Dow Chem Co.,* (30 NY2d 143).

The relevant facts in Appeal No. 1 are as follows: On January 22, 1970 a motor vehicle owned by the claimant school district and operated by the claimant Helen Knaak skidded on an icy road surface and injured Theodore and Audrey Powell. On April 9, 1970 the Powells served upon the claimants a notice of claim and on October 9, 1970 commenced an action against them to recover damages for injuries sustained in the accident. On November 16, 1973 the action was settled for $175,000. The Powells were paid on January 18, 1974 and executed a release which expressly released the State of New York but recited that it did not release any right of contribution which the claimants might have against the State. The notice of claim against the State was filed on February 14, 1974.

The relevant facts in Appeal No. 2 are as follows: On February 21, 1971 a motor vehicle owned and operated by claimant, Henry J. Harrington, skidded on a patch of icy pavement and injured George and Mary DeLucia. On August 26, 1971 the DeLucias commenced an action against Harrington to recover damages for injuries sustained in the accident. On January 31, 1974 the action was settled for $8,500. The DeLucias were paid the following day and executed a release which also expressly released the State of New York. The notice of claim against the State was filed on March 22, 1974.

The Court of Claims granted the State's motion for dismissal on the grounds that the claimants had failed to file timely notices of claim under section 10 of the Court of Claims Act. We, however, disagree.

Initially, there can be no doubt that the Court of Claims possessed jurisdiction to entertain an action for *Dole* contribution. In the absence of an express contract, the right to indemnity is said to rest upon an implied contract which arises by operation of law to prevent a result which may be unjust or unsatisfactory (Prosser, Law of Torts [4th ed], § 51, p

310; *McFall v Compagnie Maritime Belge (Lloyd Royal) S.A.,* 304 NY 314, 328). The action for contribution under *Dole* has its origins in the same implied-in-law contract which gives rise to the right to indemnification. (See *Adams v Lindsay,* 77 Misc 2d 824; see, also, Woodward, Law of Quasi Contracts, § 259; Keener, Law of Quasi-Contracts, p 408, cf. p 406; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, p 19 (1976-77 Supp); C3019:34, p 236.)

Since New York's waiver of sovereign immunity and consent to suit for claims arising out of the "breach of a contract, express or implied" (Court of Claims Act, § 9) encompasses claims for contracts implied in law as well as those implied in fact (see *Guaranty Trust Co. v State of New York,* 299 NY 295, 302; Davison, Claims Against the State of New York, par 22.04), the Court of Claims has jurisdiction to entertain claims for contribution under *Dole.*

Having decided the issue of jurisdiction, the question still remains as to when these causes of action accrued for purposes of the six-month Statute of Limitations in subdivision 4 of section 10 of the Court of Claims Act.[1] Since a claim for *Dole* contribution is essentially similar to one for indemnification, the accrual date principles in actions for indemnity should be applied in the instant case. (See *Zillman v Meadowbrook Hosp. Co.,* 73 Misc 2d 726, revd on other grounds 45 AD2d 267; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, p 19 (1976-77 Supp); C3019:65, p 289.) Although admittedly there is disagreement as to whether the precise accrual date accrues when payment is made to the tort victim *(Berlin & Jones v State of New York,* 85 Misc 2d 970; *Adams v Lindsay,* 77 Misc 2d 824; see, also, *Tarantola v Williams,* 48 AD2d 552, 555) or at the time of verdict or judgment against the party seeking contribution (see, e.g., *Zillman v Meadowbrook Hosp. Co, supra; Marchese v City of Albany,* 81 Misc 2d 166), a resolution of these conflicting decisions, however, is unnecessary to our decision in the instant case. While the tort actions giving rise to these suits for contribution were settled before they reached judgment,

---

1. The notice requirements set forth in section 10 have been declared to be jurisdictional in nature and are therefore not subject to waiver by the parties. Accordingly, the failure to comply therewith may be raised at any time, even on appeal. *(Buckles v State of New York,* 221 NY 418, 423-424; *Berlin & Jones v State of New York,* 85 Misc 2d 970, 979.)

the courts and commentators have properly regarded a settlement as the equivalent of a judgment for the purposes of determining the date of accrual. *(Dunn v Uvalde Asphalt Paving Co.,* 175 NY 214, 218; *Lanser v Baumrin,* 2 Misc 2d 610, 611; see Occhialino, "Contribution", Nineteenth Ann Report of NY Judicial Conference, 1974, p 229.) Since both claimants filed their respective notices of claim well before the expiration of six months from the date of the settlement agreement, the application of either standard mandates the conclusion that both causes of action were timely commenced.

Finally, the State has argued that the present actions are barred by section 15-108 of the General Obligations Law contending that since the statute was recommended as part of a broad remedial and procedural codification of solutions to problems which developed in the wake of the *Dole* decision, it should be applied prospectively to all actions pending as of September 1, 1974, its effective date. We reject this argument, however.

It is clear that the claimants possessed a right to contribution on the date their settlement agreements were reached and at the time their notices of claim were filed with the Court of Claims (see *Hain v Hewlett Arcade,* 40 AD2d 991; see, also, Siegel, C3019:60, pp 279-281). The settling tort-feasor may reasonably be deemed to have acted with full knowledge of the law as it existed at the time the release was executed. (See Monteleone and Dachs, " 'Dole' Settlements and the Jury," NYLJ, May 21, 1975, p 1, col 7; *Board of Educ. v Homer,* 80 Misc 2d 339; *Collalto v Collalto,* 82 Misc 2d 597; but, see, *Short v Thygiesen,* 82 Misc 2d 786.) Consequently, "it would be inappropriate on these facts to undo what had been done and, on the basis of present law, to nullify actions taken by the parties in reliance on the law as it then stood" *(Codling v Paglia,* 32 NY2d 330, 344).

We thus reject the State's position and hold that where the settlement agreement was executed prior to September 1, 1974, any rights to contribution which existed at the date of settlement are not affected by the 1974 amendment of section 15-108 of the General Obligations Law despite the fact that the claim for contribution may not have been asserted until after the effective date of the amendment.

Accordingly, the order in each appeal is reversed and the State's motion to dismiss the claims denied.

48

MOULE, J. P., CARDAMONE, SIMONS, MAHONEY and DILLON, JJ., concur.

Orders unanimously reversed, without costs and motions denied.

