BAY RIDGE AIR RIGHTS, INC., Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 59365.)

Third Department, May 12, 1977

*Harold M. Foster (Anthony J. McNulty* and *William F. McNulty* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General (Douglas L. Manley* and *Ruth Kessler Toch* of counsel), for respondent.

LARKIN, J. The essential facts are not in dispute. The claimant is the owner of an apartment building in Brooklyn, New York. On July 2, 1972 a tenant in the building was murdered by a custodian in the employ of claimant. The custodian had once been a patient at the State operated

Creedmoor Psychiatric Hospital and at the time of the homicide was an outpatient at Brooklyn State Hospital. The administrator of the victim's estate commenced an action in Federal court against the claimant upon the theory that he had negligently hired the custodian. Claimant's third-party complaint, seeking to implead Creedmoor and Brooklyn State Hospital, was dismissed upon motion of the Attorney-General.

On June 3, 1975 claimant filed a notice of intention to file a claim and a claim against the State of New York in the Court of Claims. The claim seeks "indemnification and an apportionment of damages" pursuant to *Dole v Dow Chem. Co.* (30 NY2d 143), in the event the decedent's administrator was to recover against the claimant in the Federal court suit, on the ground that the State was negligent in releasing the custodian without ensuring that he was not homicidal. The Court of Claims granted the State's cross motion to dismiss for failure to comply with the provisions of section 10 of the Court of Claims Act. The court, essentially utilizing the reasoning contained in its earlier decision of *Leibowitz v State of New York* (82 Misc 2d 424) in which it was held that a cause of action for contribution against the State accrues at the time of the tortious occurrence, dismissed the claim as untimely in that it was not filed within six months after the homicide (Court of Claims Act, § 10, subd 4). The court also denied permission to file a late claim. This appeal ensued.

We agree with the Appellate Division of the Fourth Judicial Department that "[s]ince a claim for *Dole* contribution is essentially similar to one for indemnification, the accrual date principles in actions for indemnity should be applied in the instant case" *(Gates-Chili Cent. School Dist. v State of New York,* 55 AD2d 44, 46). In an action for indemnity "[t]he general rule is established that the action accrues not at the time of the commission of the tort for which indemnity is sought, but at the time of the payment of the judgment" *(Musco v Conte,* 22 AD2d 121, 125-126; 28 NY Jur, Indemnity, § 11; 10 NY Jur, Contribution, § 15; *Hard v Mingle,* 206 NY 179). We find nothing in *Dole v Dow Chem. Co. (supra)* or in CPLR article 14, which was enacted to codify and clarify the *Dole* rule, which changes this general principle (CPLR 1404).

While there is authority for the proposition that a claim for contribution accrues at the time of the entry of the judgment *(O'Sullivan v State of New York,* 83 Misc 2d 426; *Marchese v City of Albany,* 81 Misc 2d 166), we find no reason to depart

from the well-established rule that the proper accrual date is when payment is made by the party seeking indemnification or contribution (*Maryland Cas. Co. v State of New York,* 88 Misc 2d 370; *Berlin & Jones v State of New York,* 85 Misc 2d 970; *Adams v Lindsay,* 77 Misc 2d 824). This view is supported by two of the leading commentators upon the CPLR (Practice Commentary by Professor Joseph M. McLaughlin, McKinney's Cons Laws of NY, Book 7B, CPLR 1402, pp 372-373; Supplementary Practice Commentary by Professor David D. Siegel, McKinney's Cons Laws of NY, Book 7B, 1976-1977 Supp, p 19, under CPLR 3019; see also, 2A Weinstein-Korn-Miller, NY Civ Prac, par 1403.03).

We must also decide whether this claim should be dismissed as premature because, the administrator's suit not having gone to trial in Federal court, there has been neither entry of judgment nor payment. This is not a case where a premature claim for indemnity should be allowed on the ground that the interests of fairness and judicial economy will be furthered by allowing all parties to establish their rights and liabilities in one action (cf. *Burgundy Basin Inn v Watkins Glen Grand Prix Corp.,* 51 AD2d 140). In weighing the advantages which would accrue to the State in receiving earlier notice of potential claims against the potential harm to the prompt and efficient administration of justice which would be created by allowing premature and potentially moot cases in the Court of Claims, we choose not to depart from the general rule that "the obligation or liability which is the subject of the indemnity must have accrued and become fixed before an action to recover indemnity therefor may be maintained" (28 NY Jur, Indemnity, § 27; *Berlin & Jones v State of New York, supra).* This claim, therefore, should be dismissed as premature.

We are not unmindful of the great disadvantage to the State which will result from its receipt of the first notice of a potential claim years after the actual tortious event. The State has done a thorough job of pointing out the problems which will be caused by the utilization of traditional indemnity accrual rules in contribution claims brought against it. One possible solution would be to state that in dismissing the claim as premature, we are treating all of the papers filed as a written notice of intention to file a claim and that, as a notice of intention, there was a proper filing (see *Atlantic Mut. Ins. Co. v State of New York,* 50 AD2d 356, affd 41 NY2d 884; *Matter of Johnson v State of New York,* 49 AD2d 136). While

this proposal and the other alternatives suggested may have considerable merit, we are of the view that in the instant case such departures are not within the province of this court.

The order should be modified, on the law and the facts, so as to provide that the dismissal of the claim is without prejudice to the filing of a new claim for contribution and/or indemnification when and if such claim should accrue, and, as so modified, affirmed, without costs.

KANE, P. J., MAHONEY, MAIN and HERLIHY, JJ., concur.

Order modified, on the law and the facts, so as to provide that the dismissal of the claim is without prejudice to the filing of a new claim for contribution and/or indemnification when and if such claim should accrue, and, as so modified, affirmed, without costs.