Gary Konicek and Judy Konicek, Individually, and Jeremy and Kassandra Konicek by Gary Konicek, Their Father and Next Friend, Plaintiffs,

v.

Loomis Brothers, Inc., Defendant.

CINCINNATI INSURANCE COMPANY, Workers' Compensation Insurance Carrier, Intervenor–Appellant,

v.

Gary KONICEK, Appellee.

No. 92–466.

Supreme Court of Iowa.

July 21, 1993.

J. Richard Johnson of White & Johnson, P.C., Cedar Rapids, for intervenor-appellant.

William H. Carmichael of Blades & Carmichael, Cedar Rapids, for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, NEUMAN, and SNELL, JJ.

LARSON, Justice.

Cincinnati Insurance Company, the workers' compensation insurance carrier for Gary Konicek's employer, has appealed and Konicek has cross-appealed from a judgment of the district court allowing indemnity to Cincinnati, under Iowa Code section 85.22(1) (1989), from the proceeds of Konicek's suit against a third-party tortfeasor. We modify the judgment and affirm.

Gary Konicek, a worker who was seriously injured in a fall through an open skylight, collected workers' compensation benefits through his employer, Cliff Abild Construction. Konicek also sued Loomis Brothers, Inc., the general contractor on the job, on the theory that Loomis had

created the dangerous condition on the premises.

▮▮▮ Konicek recovered a substantial judgment against Loomis, which was affirmed by this court, *Konicek v. Loomis Bros., Inc.*, 457 N.W.2d 614 (Iowa 1990), and Cincinnati sought indemnity for the workers' compensation payments it had made to Konicek. *See* Iowa Code § 85.-22(1). The district court allowed interest at the rate of ten percent, commencing from the date Konicek obtained his judgment against Loomis. Cincinnati appealed, claiming the right to interest from the date Konicek filed his petition against Loomis. *See* Iowa Code § 535.3.

Konicek cross-appealed, arguing that interest should commence only when Konicek actually received payment under the judgment and only at the rate of five percent. *See* Iowa Code § 535.2(1)(b) (interest on "[m]oney after the same becomes due"). He also contends that Cincinnati accepted the amount tendered to it under its indemnity claim and that Konicek's defense of accord and satisfaction was established as a matter of law.

Iowa Code section 85.22(1) provides this with respect to indemnification of an employer or workers' compensation insurer:

1. If compensation is paid the employee or dependent or the trustee of such dependent under this chapter, the employer by whom the same was paid, or the employer's insurer which paid it, *shall be indemnified out of the recovery of damages to the extent of the payment so made, with legal interest,* except for such attorney fees as may be allowed, by the district court, to the injured employee's attorney or the attorney of the employee's personal representative, and shall have a lien on the claim for such recovery and the judgment thereon for the compensation for which the employer or insurer is liable. In order to continue and preserve the lien, the employer or insurer shall, within thirty days after receiving notice of such suit from the employee, file, in the office of the clerk of the court where the action is brought, notice of the lien.

(Emphasis added.)

As the district court noted, there are several events that might be interpreted to begin accrual of interest on Cincinnati's claim for indemnity: the date when Konicek's individual workers' compensation installments were paid by Cincinnati (beginning in the spring of 1986), the date Konicek's workers' compensation benefits were commuted to a lump sum (July 29, 1988), the date when Konicek commenced his third-party suit against Loomis (December 11, 1986), the date Konicek obtained a judgment against Abild (December 22, 1988), or the date Konicek actually received payment on his judgment (July 19, 1990).

Unfortunately, section 85.22(1) does not define the term "out of the recovery of damages" by the worker, and it is silent both as to when "legal interest" begins to accrue and the rate at which it accrues.

Prior cases such as *Fisher v. Keller Industries, Inc.*, 485 N.W.2d 626 (Iowa 1992); *Armour–Dial, Inc. v. Lodge & Shipley Co.*, 334 N.W.2d 142 (Iowa 1983); and *Farris v. General Growth Development Corp.*, 354 N.W.2d 251 (Iowa App.1984), have discussed the right of indemnity under section 85.22(1), but the specific issues of the present case have not been resolved. In *Armour–Dial*, however, the parties seemed to assume that interest accrued from the date the worker actually received payment from the third party. *See Armour–Dial*, 334 N.W.2d at 144.

At first blush, Cincinnati's argument that it should recover interest from the date of Konicek's petition against Loomis appears to be logical because that is when interest began to accrue under Iowa Code section 535.3 on Konicek's claim against Loomis. Konicek in fact collected interest from that date.

We do not believe that Cincinnati's interest may be back-dated to the date of Konicek's petition simply because Konicek's interest on his own claim against Loomis began at that time under section 535.3. There must still be an independent statutory basis for determining the date to begin accruing interest on Cincinnati's claim against Konicek. We do not believe section 535.3 provides such a basis. Section 535.3

is quite limited in its scope. It allows interest on judgments only from the date of the filing of the petition on the claim for which judgment is entered, not from the date of the filing of a separate lawsuit, such as Konicek's third-party claim in the present case.

The lack of specificity in section 85.22(1) as to when, and at what rate, interest is to be paid suggests that it was intended that we refer to other statutory provisions regarding "legal interest." Iowa Code section 535.2(1)(b) provides that interest will accrue on "[m]oney after the same becomes due." In the case of a worker who collects on a claim against a third party, reimbursement to the workers' compensation payor is not due until the worker receives it. This finds support in the language of section 85.22(1), which states that the indemnitee "shall be indemnified out of the recovery of damages...."

 This interpretation is also consistent with the general law of indemnity under contract, which is that no action for indemnity may be maintained until all valid conditions precedent have been met. *See, e.g., Bay Ridge Air Rights, Inc. v. State*, 57 A.D.2d 237, 237–39, 394 N.Y.S.2d 464, 465–66 (1977) (obligation or liability that is subject of indemnity must have accrued and become fixed before indemnity action commenced); 41 Am.Jur.2d *Indemnity* § 40, at 730 (1968).

Under section 85.22(1) (payment to be made "out of the recovery of damages"), indemnity to Cincinnati was not "due" under section 535.2(1)(b) until Konicek actually received payment on his third-party claim against Loomis. Until that time, Konicek's recovery was to some degree still speculative. Further, it would create confusion by interpreting section 85.22(1) to start interest at the filing of the petition or the date of judgment because, in many cases, no third-party suit is ever brought.

We conclude that "legal interest" under Iowa Code section 85.22(1) commenced on the date that Konicek actually received payment under his claim against Loomis and that, under Iowa Code section 535.2(1), the rate of interest is five percent. Be-

cause we have resolved the issues on this basis, it is not necessary for us to address Konicek's accord and satisfaction argument.

We modify the district court judgment and, as modified, affirm. We remand for entry of a judgment modified accordingly.

**AFFIRMED AS MODIFIED AND REMANDED.**